**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 26-14424-CV-MIDDLEBROOKS

JESUS DANIEL MENESES-PERERA,

Petitioner,

v.

WARDEN, GLADES COUNTY DETENTION CENTER et al.,

Respondent.
_______________________________________/

**ORDER GRANTING RESPONDENTS' MOTION TO TRANSFER VENUE**

**THIS CAUSE** comes before the Court upon Respondents' Motion to Transfer Venue, filed on October 30, 2026. (DE 7). Petitioner brought this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on October 22, 2026. (DE 1 at 1–2). Respondent seeks transfer under 28 U.S.C. § 2441(a), which permits courts to grant writs of habeas corpus "within their respective jurisdictions." Petitioner does not have a position on the motion. (DE 9).

In his § 2241 Petition, Petitioner asserts that he is detained at Glades County Detention Center in Moore Haven, Florida. (DE 1 at 1–2). Moore Haven is in Glades County, which is within the Middle District of Florida. A court may transfer any civil action "[f]or the convenience of parties and witnesses, in the interest of justice … to any other district or division where it might have been brought[.]" 28 U.S.C. § 1404(a). "Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should … file the petition in the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004); *see also Trump v. J.G.G.*, 604 U.S. 670, 672 (2025). Because this action should have been brought in the Middle District, I agree with Respondents that transfer is appropriate.

Accordingly, it is hereby **ORDERED** that:

1) The Respondents' Motion to Transfer Venue (DE 7) is **GRANTED**.

2) The Clerk of Court shall **CLOSE THIS CASE**.

3) All pending motions are **DENIED AS MOOT**.

**SIGNED** in Chambers at West Palm Beach, Florida, this 4 day of November, 2026.

Donald M. Middlebrooks
United States District Judge

cc: Counsel of Record